**In re Harrison A. BENNETT.**
**Crim. A. No. 15102.**

United States District Court
N. D. Alabama, S. D.
May 21, 1962.

Macon L. Weaver, U. S. Atty., and Charles Donahue, Sol., Beverley R. Worrell, Regional Atty., and Hubert F. Owens, Atty., U. S. Dept. of Labor, Birmingham, Ala., for petitioner.

Erle Pettus, Jr., of Rives, Peterson, Pettus & Conway, Birmingham, Ala., for defendants.

LYNNE, Chief Judge.

This matter came on for hearing on the 14th day of May, 1962, upon the Order to Show Cause issued on the 23rd day of March, 1962. The Petitioner, the Secretary of Labor, appeared by counsel and the respondent, Harrison A. Bennett, appeared in person and by counsel. The entire record herein being considered, including stipulations of counsel and the testimony of several witnesses, including testimony of respondent, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On June 4, 1953, this Court entered a final Judgment in the Civil Action styled Martin P. Durkin, Secretary of Labor, Plaintiff v. Harrison A. Bennett et al., Civil Action No. 6773, permanently enjoining and restraining said Harrison A. Bennett, respondent herein, from violating the provisions of Sections 15(a) (1), 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act, as amended.

2. On March 23, 1962, Macon Weaver, United States Attorney, and Arthur J. Goldberg, Secretary of Labor, United States Department of Labor, petitioned this Court to institute a prosecution of Harrison A. Bennett for criminal contempt of this Court; said petitioners requested this Court to issue an order to show cause and to adjudge said Harrison A. Bennett in criminal contempt of this Court for his wilful failure and refusal to comply with the aforesaid Judgment of this Court and to punish said Harrison A. Bennett for such contempt.

3. It was stipulated by counsel, and the Court finds, that throughout the period here involved,

(a) Respondent had knowledge of this Court's Judgment of June 4, 1953 and its contents, and said respondent was subject to the Fair Labor Standards Act, as amended, and to said Judgment, and

(b) Respondent failed to keep and maintain any record of the time worked by and the wages paid to Percy Nixon and Henry Sims.

4. Percy Nixon and Henry Sims were hired by respondent to gather and load on respondent's truck, "salvage" cardboard, waste paper, and metals at one of the refuse dumps owned and operated by the City of Birmingham. Except for a period of approximately five (5) months during the latter part of 1960, said persons regularly worked, from July 1, 1958, to January 5, 1961, a schedule of five and one-half (5½) or five (5) days each week, as hereinafter particularly shown, with a truck driver employed by respondent to collect, load and haul the aforesaid "salvage" products to his place of business at 2500 First Avenue South, where they were intermingled with like products obtained from other sources and then shipped or delivered to respondent's customers, substantial numbers of which are located outside the State of Alabama.

5. The time records maintained by respondent for his truck drivers, who worked at the city dump, which records were received in evidence as Petitioner's Exhibits 1, 2 and 3, and the testimony of

witnesses show such drivers started working a five (5) day week on November 4, 1960, and continued on that schedule until January 5, 1961. This evidence also shows that such drivers worked a schedule of five and one-half (5½) days at the dump each week during the period from July 1, 1958 to June 30, 1960.

6. During the period aforesaid, respondent paid Percy Nixon and Henry Sims in cash each week for their work in gathering cardboard, waste paper and metals and in loading same on his truck at the city dump at the rate of fifteen dollars ($15.00) per workweek of five and one-half (5½) days, or thirty-five (35) hours, during the period from July 1, 1958 to June 30, 1960, and ten dollars ($10.00) per workweek of five (5) days, or twenty-eight (28) hours, during the period from November 4, 1960 to January 5, 1961.

7. During the period from July 1, 1958 to January 5, 1961, when Percy Nixon and Henry Sims were employed by him, respondent shipped, delivered, transported, offered for transportation or sold in commerce, as defined by the Act, or shipped, delivered or sold with knowledge that shipment, delivery or sale thereof in commerce, as defined by the Act, was intended, goods in the production of which Percy Nixon and Henry Sims were employed.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this proceeding.

2. Respondent wilfully failed and refused to comply with the Judgment of this Court of June 4, 1953 in his employment of Percy Nixon and Henry Sims in that he wilfully

(a) failed and refused to pay said employees, who were engaged in the production of goods for commerce, as defined by the Act, during the periods of their employment from July 1, 1958 to January 5, 1961, at wage rates not less than seventy-five cents ($.75) an hour;

(b) failed to make, keep and preserve any records of the wages, hours and other conditions of employment of said employees; and

(c) shipped, delivered, transported, offered for transportation or sold in commerce, as defined by the Act, and sold with knowledge that shipment, delivery or sale thereof in commerce, as defined by the Act, was intended, goods in the production of which said employees, Percy Nixon and Henry Sims, were employed at rates of pay less than the rates specified in said Judgment.

Judgment will be entered accordingly.